Case 4:22-cv-03816   Document 103   Filed on 12/16/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERRICK & CO ENGINEERS & ARCHITECTS INC d/b/a MERRICK & CO, Plaintiff, | § § § § § § § | CIVIL ACTION NO 4:22-cv-03816 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| ORION ENGINEERED CARBONS LLC, Defendant, | § § § § § | |
| vs. | § § § | |
| BENHAM DESIGN LLC, Third-Party Defendant. | § § | |

OPINION AND ORDER
DENYING MOTION TO DISMISS

The motion by Third-Party Defendant Benham Design, LLC, to dismiss the third-party complaint by Defendant Orion Engineered Carbons, LLC, is denied. Dkt 83.

Orion was given leave to file an amended third-party complaint in this action. Dkt 74. The order specified that Orion had "to make appropriate specification as between Merrick and Benham." Id at 1. At later status conference, Orion was instructed to consider "in good faith" where certain claims fit in against Benham versus Merrick given the timeline, and to "clarify which activity and the specific

elements of each claim and how they tie into the respective parties." Dkt 80 at 13–14.

The motion by Benham is curious and stated in only the most conclusory of terms. It argues that Orion didn't observe the above requirements, but instead "simply copied and pasted each Count against Merrick, then found and replaced the name Merrick with Benham." Dkt 83 at 4; see also id at 6. That appears to be correct insofar as it concerns the pleading of the causes of action. See Dkt 79 at ¶¶128–61. But it completely ignores the as-amended factual background, which specifies distinct conduct ascribable to Benham and Merrick. See id at ¶¶14–127.

Beyond this, the requirements of Rule 8 of the Federal Rules of Civil Procedure aren't demanding. The party seeking affirmative relief must "give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." *Swierkiewicz v Sorema NA*, 534 US 506, 514 (2002). Benham contends that the amended complaint fails this standard. To the contrary, the amended complaint offers fair notice as to the relief Orion seeks and grounds supporting its claim. Benham can reasonably discern what's at issue, and discovery is available to further specify and clarify these claims.

The amended complaint also meets the heightened standards required by Rule 9(b)—at least to the extent barely referenced by Benham with mere citation of the rule. See Dkt 83 at 5, 6. A respected treatise on procedure notes that "the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and to enable that party to prepare a responsive pleading." Charles A. Wright & Arthur R. Miller 5A *Federal Practice & Procedure* §1298 (4th ed 2024). Orion has done so here. For example, see Dkt 79 at ¶44 (alleging knowledge by Benham as to purported misrepresentation), ¶45 (alleging actions taken by Benham to perpetrate alleged fraud) & ¶46 (alleging further, specific date as to continued misrepresentations). This is sufficient to put

Benham on adequate notice regarding the fraud claim. See Dkt 79 at ¶¶133–37 (cause of action).

The motion by Third-Party Defendant Benham Design, LLC, to dismiss the amended third-party complaint by Defendant Orion Engineered Carbons, LLC, is DENIED. Dkt 83.

SO ORDERED.

Signed on December 16, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge